### CROSBY v. WORKINGMEN'S CO–OPERATIVE ASS'N.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

MORTGAGES—FORECLOSURE—NECESSARY PARTIES.

> Where one accepts as security for a loan a mortgage of land, the legal title to which stands of record in the borrower, without notice that the borrower is merely trustee of the legal title, and the real owner, by mesne conveyances, subsequently acquires the legal title from the trustee, subject to the mortgage, and then conveys it subject to the mortgage, the real owner is not a necessary party to an action against her grantee for the foreclosure of the mortgage.

Appeal from special term, New York county.

Action by Darius G. Crosby against the Workingmen's Co-operative Association to foreclose a mortgage. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. B. Donihee, for appellant.
Joseph Fettretch, for respondent.

PATTERSON, J.   This is an appeal from a judgment of foreclosure and sale of a mortgage made by William C. Traphagen to the plaintiff upon property on Bradhurst avenue, in the city of New York.   The mortgage was dated the 26th day of February, 1892, was payable immediately, and was given subject to other mortgages upon the same premises.   At the time the action was brought the title to the property was in the defendant, the Workingmen's Co-operative Association of the United Insurance League of New York, to which it was conveyed on the 19th day of June, 1893, by one Delia I. Donihee and her husband, by a conveyance which recited, among other things, that "the said premises are free from incumbrances, except certain mortgages now liens upon the same."   The mortgaged premises were part of a strip of land extending through from Bradhurst avenue to Edgecombe avenue, having a frontage of about 130 feet on Bradhurst avenue, and a depth of about 125 feet.   It appears in evidence that in 1890 William B. Donihee held the legal title to these mortgaged premises, with another parcel contiguous thereto, and a mortgage which he had given upon them was foreclosed by the Equitable Life Assurance Society of New York, and a sale was made, under the decree of foreclosure, of a portion of the premises in suit to Delia I. Donihee, and the conveyance to her by the referee who conducted the sale was made in June, 1891.   In February, 1891, Delia I. Donihee became the purchaser at a foreclosure sale of the other portions of the mortgaged premises, which were conveyed to her on the 5th day of February, 1891.   It appears in evidence that at this time William C. Traphagen was acting as the attorney and counsel of Mrs. Donihee, and on the 19th day of June, 1891, she and her husband conveyed to Traphagen the premises in suit, and also the contiguous property above referred to, subject to a mortgage for $10,000 made by Mrs. Donihee to the Brooklyn Hospital.   On November 18, 1892, Traphagen and wife conveyed these mortgaged premises to William B. Donihee, subject to two mortgages, namely, the $10,000 mortgage to the Brooklyn Hospital, upon which, it was stated, there was then $8,000 due; and the other, the mortgage to this plaintiff, sought to be foreclosed in this action.   On the 28th of November, 1892, William B. Donihee conveyed the premises to John T. Smith, and, on the 29th of November, Smith conveyed them to Delia I. Donihee.   In the two last-named conveyances appears the statement "that the premises are free from incumbrances, except certain indentures of mortgages now liens upon the same."   As above stated, on the 19th of June, 1893, Delia I. Donihee conveyed the premises to the defendant, the Workingmen's Association, with the statement concerning incumbrances.   The present action was begun in May, 1894.   The Workingmen's Association answered the complaint, and set up as defenses that William C. Traphagen, at the time he made the mortgage to Crosby, was not the owner of the mortgaged premises; that, prior to the time the mortgage was

given, Crosby and Traphagen, acting for Delia I. Donihee, and at her solicitation and request, bid in the premises at a foreclosure sale; that a certificate of sale was taken by the plaintiff, and that by reason of certain relations existing previously between Crosby, Traphagen, and Delia I. Donihee, the latter made a deed in trust to William C. Traphagen as collateral security for advances made by him to her, and for such further sums as he might be required to advance to pay and discharge claims against the premises; that Traphagen had no other interest in the land, and that Crosby was aware of the terms under which Traphagen held the title to the land, and was fully informed that Traphagen was not the equitable owner of it, but that he held the same in trust for Delia I. Donihee, and that after Traphagen gave the mortgage to Crosby the property was conveyed to Delia I. Donihee, who took the conveyance in ignorance of the fact that the $2,000 mortgage had been given to Crosby, and that subsequently she conveyed to the Workingmen's Association the mortgaged premises to secure it for a sum of money mentioned in a written instrument disconnected with her conveyance to it, and independent thereof; and that the Workingmen's Association held the premises in trust for Delia I. Donihee.

On the trial of the cause all the issues were decided adversely to the defendant, and upon grounds which we think were fully supported. The first contention made by the appellant, the Workingmen's Association, is that Delia I. Donihee was a necessary party to the action, and that it should not have proceeded without her, and that it was error in the court below to proceed with the trial in her absence, after the objection taken by the defendant. There was nothing by way of notice to apprise the plaintiff of any interest of Mrs. Donihee in the property such as would make it necessary to join her as a party, speaking now of the records alone. At the time the Crosby mortgage was made, all of the interest which Mrs. Donihee had had was, by formal conveyance duly recorded, in Traphagen, and at the time this action was brought all of the estate which she acquired by reconveyance from Traphagen was in the Workingmen's Association, without anything to indicate in any way that there was a trust or condition connected with the title of the association. Therefore it was not necessary to make Mrs. Donihee a party, by reason of the state of the record as furnishing notice, nor was there anything proven on the trial which required the justice presiding to suspend it in order that Delia I. Donihee might be brought in as a defendant. If a bona fide holder of the mortgage, Crosby was in no way bound by any relations, of which he was ignorant, existing between Mrs. Donihee and Traphagen, nor by the terms of any secret or undisclosed trust which she might have created concurrently with her conveyance to the Workingmen's Association; and there is a total failure to show fraud or bad faith, or knowledge of equities, on the part of Crosby, when he took from Traphagen the $2,000 mortgage which was given to secure advances of money, of the making of which by him there can be no doubt. According to the allegations of the answer of the Workingmen's Association, Traphagen took the title as security for advances made and to be made;

and the proof justified the court below in finding that Crosby did not have notice "that there was a trust relation existing between Traphagen and Mrs. Donihee which precluded Traphagen from exercising his apparent right, as owner, of making the mortgage in question," and that the recitals, in the deeds made after the reconveyance by Traphagen, that such conveyances were subject to mortgages existing upon the property, were intended to refer to and include the $2,000 mortgage to Crosby.   The conveyance from Traphagen to William B. Donihee expressly refers to the $2,000 mortgage. It is true that there was evidence to show that Mr. Nathan put this reconveyance upon record without any actual delivery to William B. Donihee; but it is also true that William B. Donihee, 10 days after that deed from Traphagen was upon record, reconveyed the same premises, the title to which he only acquired through the Traphagen deed, and covenanted that the premises were "free from incumbrances, except certain indentures or mortgages now liens upon the same," and Smith thereupon immediately reconveyed with the same form to Delia I. Donihee. There was enough evidence, therefore, whatever may be the conflicting statements of interested parties, to authorize the court below in finding, not only that the mortgage to Crosby was for a good consideration, and that there was no fraud in the transaction on his part, or notice of equities that would impair his rights, but that the Donihees well knew that the $2,000 mortgage to Crosby existed, and they recognized it as a valid incumbrance upon the property.    There is therefore nothing extraneous of the recorded instruments, brought home to the plaintiff, which would require that Mrs. Donihee should be brought into the litigation by being made a party.

Many exceptions to the court's refusal to admit evidence appear in the case, none of which require especial mention, except one relating to a refusal of the court to allow William B. Donihee to testify to certain conversations had with William C. Traphagen, who died before the commencement of this action.    The object of that testimony was to show relations existing between Mrs. Donihee and William C. Traphagen, and admissions by Traphagen, which would affect his title to the mortgaged premises.    But it is unnecessary to pass upon the admissibility of the testimony of the husband of Mrs. Donihee, as that of a person claimed to be disqualified under section 829, Code Civ. Proc.    In the view we take of this case and of the evidence, whatever may have been the real relation of Traphagen to these premises and to Mrs. Donihee, Crosby was justified in relying upon the record title, and having advanced his moneys to Traphagen in ignorance of any real trust relation, or other limitation upon Traphagen's ownership, he is to be protected.

On the whole case, we think the judgment should be affirmed, with costs.   All concur.